UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLPHUS DWAYNE PIERCE,<br><br>Petitioner,<br><br>v.<br><br>ERICA HOLIFIELD, T.R. MERICKEL,<br><br>Respondents. | No. 1:20-cv-00459-ADA-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 19) |

Petitioner Dolphus Dwayne Pierce, a state probationer represented by counsel, has pending a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 13, 2022, the assigned magistrate judge issued findings and recommendations recommending that grounds one and two of the petition be denied on the merits. (Doc. No. 19.) Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On January 24, 2022, petitioner filed objections to the findings and recommendations. (Doc. No. 20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

1

de novo review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendations to be supported by the record and proper analysis.

The court will, however, address petitioner's objections to the findings and recommendations regarding the first ground of relief.  The magistrate judge's analysis correctly concludes that, as a method of challenging the underlying fact of conviction, petitioner's argument is unavailing.  Petitioner's objections, however, specify that it is the length of sentence, not the fact of conviction, that is in dispute.  Specifically, petitioner acknowledges he was convicted of a felony under California Penal Code section 182(a)(1).  The question is whether the trial court was permitted to sentence petitioner based on a sentencing range of 2, 3, or 5 years rather a sentencing range of 16 months, 2 years, or 3 years.  Based on this, petitioner's argument invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny may have merit.  This court will not, however, address that argument because it appears to be moot.  When a petitioner challenges a sentence, rather than the conviction itself, the petition becomes moot when the petitioner is released from custody.  *See Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987).  Here, it appears that petitioner was sentenced to five years of probation on September 16, 2016.  That five-year probationary period would, therefore, have expired, at the latest, on September 16, 2021.[1]  While it is true that the existence of collateral consequences may permit a court to retain jurisdiction over a properly filed habeas corpus petition, *see Carafas v. LaVallee*, 391 U.S. 234, 237–39 (1968), "a criminal sentence . . . carries no presumption of collateral consequences." *Maciel v. Cate*, 731 F.3d 928, 931 (9th Cir. 2013). Here, petitioner does not allege any collateral consequences stemming from his sentence that relief under 28 U.S.C. 2254 would remedy.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

---

[1] There is no indication in the record that petitioner's probation was ever revoked, tolling the probationary period.

§ 2253.  The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on January 13, 2022 (Doc. No. 19) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   September 14, 2022

UNITED STATES DISTRICT JUDGE

3